**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

CARLOS MANUEL SANTIAGO CASTRO,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-02604-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Carlos Manuel Santiago Castro's Petition for Writ of Habeas Corpus (ECF No. 1-1). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Petitioner argues his detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Petitioner is a member of the Jacobo-Ramirez Class—a fact

undisputed by all Parties. Petitioner has set forth sufficient facts indicating Class membership,[1] and Federal Respondents have filed a notice conceding that Petitioner is a Class Member. See Pet. for Writ of Habeas Corpus at 2, ECF No. 1-1 (August 19, 2026) [hereinafter, "Pet."]; Fed. Resp'ts' Notice Regarding Class Membership at 1, ECF No. 8 (August 28, 2026) [hereinafter, "Notice"].[2]

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Petitioner at the *outset* of his detention, nor have Respondents provided any indication to-date that Petitioner was given a bond hearing conducted pursuant to § 1226(a). Petitioner was taken into ICE custody on July 29, 2026, over a month ago. See Pet. at 2. This Court instructed Federal Respondents to produce specific records as to Petitioner, including Forms I-200 and I-286, or alternatively, "certify those documents are not in their possession, custody, or control." Order Governing Procedures at 4, ECF No. 3 (August 20, 2026). In response, the government failed to produce any Form I-286, despite claiming an initial custody determination was performed. See Notice, Exhibit 2 at 3.

## II. CONCLUSIONS OF LAW

As a member of the Jacobo-Ramirez Class, Petitioner is entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members "are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. Because Federal Respondents have failed to provide the full suite of protections guaranteed to Petitioner by 8 U.S.C. § 1226(a), Petitioner's arrest and ongoing detention are unlawful under the Immigration

---

[1] The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 2026 WL 879799, at *4.

[2] Respondents' filing states that "Petitioner Jose Hector Flores Alvarez is a Class Member." Notice at 1. The caption on Respondents' filing names "Carlos Manuel Santiago Castro" as the Petitioner. Thus, the Court assumes that Respondents' statement was intended to read: "Petitioner [Carlos Manuel Santiago Castro] is a Class Member." Notice at 1.

and Nationality Act ("INA"), this Court's declaratory judgment/vacatur, and the law of this circuit. Specifically, the Court finds that Petitioner was not provided with a Form I-286, Notice of Initial Custody Determination. No such form is attached to Respondents' return, despite this Court's Order (ECF No. 3). See generally Notice. Accordingly, the Court finds that a Form I-286 does not exist as to Petitioner, and that Respondents have thus failed to comply with their statutory obligations under 8 U.S.C. § 1226(a).

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in Angeles-Pena v. Blanche et al., Case No. 2:26-cv-02154-RFB-EJY, 2026 WL 2280939 (D. Nev. Aug. 7, 2026), which the Court incorporates by reference as if fully set forth herein. Specifically, as explained in Angeles-Pena, the Court finds Petitioner's detention without a proper Form I-286, as required by 8 C.F.R. § 236.1, violates Petitioner's right to procedural due process.[3] 2026 WL 2280939 at *3–9.

Therefore, the Court finds Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here.[4] See Munaf v. Geren, 553 U.S. 674, 693 (2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him

---

[3] The Court acknowledges Respondents' claim that "A Form I-286 was served on the Petitioner on August 21, 2026 pursuant to 8 C.F.R. § 236.1(g)." Notice, Exhibit 2 at 3. Even if the Court were to construe this as true, a notice of initial custody determination served almost a month after Petitioner was taken into custody is insufficient to comport with due process. Not only does a *post-hoc*, post-deprivation notice fail to sufficient apprise Petitioner of the bases for his detention, but it also fails to provide Petitioner a meaningful opportunity to request a custody redetermination. See Angeles-Pena, 2026 WL 2280939, at *10 (describing how the Form I-286 provides a formal mechanism for a requesting a prompt custody redetermination). The government must fully comply with § 1226(a)'s suite of required procedures to ensure that noncitizens detained under this provision are afforded the "several layers of review" guaranteed by statute and the Constitution. Rodriguez Diaz, 53 F.4th at 1202. Thus, even if Respondents had served a Form I-286 to Petitioner a month after his arrest and detention, there remains a due process violation.

[4] Immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Angeles-Pena, 2026 WL 2280939 at *10–13.

with a *pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **September 10, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **September 11, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** September 9, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**